# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|   |   |   |
|---|---|---|
|   | ) | CHAPTER 7 |
|   | ) |   |
| IN RE: | ) | CASE NO. 06-61677 |
|   | ) |   |
| TRACY ANN SELBY, | ) |   |
|   | ) | JUDGE RUSS KENDIG |
| Debtor. | ) |   |
|   | ) |   |
|   | ) | **MEMORANDUM OF DECISION** |
|   | ) | **(WRITTEN OPINION)** |

**THIS OPINION IS NOT INTENDED FOR PUBLICATION OR CITATION. THE AVAILABILITY OF THIS OPINION, IN ELECTRONIC OR PRINTED FORM, IS NOT THE RESULT OF A DIRECT SUBMISSION BY THE COURT.**

This matter is before the court upon Debtor's Application for Waiver of the Chapter 7 Filing Fee (hereinafter "Application") filed on September 6, 2006. On September 15, 2006, the court entered an order requesting Debtor file additional documentation to allow the court to fully assess her current financial condition. Debtor filed additional documents on October 6, 2006.

Following passage of the Bankruptcy Abuse Prevention and Consumer Protection act of 2005, debtors are permitted to seek a waiver of the bankruptcy filing fee. Pursuant to 28 U.S.C. section 1930(f), a "bankruptcy court may waive the filing fee…if the court determines that such individual has less than 150 percent of the income official poverty line…applicable to a family of the size involved and is unable to pay that fee in installments." By the terms of the statute, a court's ability to waive the fee is permissive, not mandatory ("may waive"), and waiver must be premised upon a finding that a debtor meets the income and inability to pay in installments criteria.

The court will first determine whether Debtor's income is 150 percent of the poverty level. According to the Department of Health and Human Services 2006 Poverty Level Guidelines, available at http://aspe.hhs.gov/poverty/06fedreg.htm., the poverty income for a family of four is $20,000.00. At 150 percent of poverty, the poverty income is $30,000.00 annually or $2,500.00 per month.

Form B22A (the "means test") indicates Debtor's Annualized Current Monthly Income is $0.00. However, Schedule I indicates that Debtor's monthly income is $660.01. Even if the

1

court utilizes the number on Schedule I, Debtor's Annualized Current Monthly Income is only $7920.12. Schedule I indicates that Debtor is not working. Her income includes $195.01 in support payments and $465.00 in food stamps. Debtor filed a sworn affidavit stating that she was not required to file a 2005 tax return because she had no wages to report. Clearly, these figures indicate that Debtor is below the 150% poverty threshold and therefore Debtor has met the first prong of the test.

Upon review of Debtor's Schedule J, the court concludes that Debtor is not able to pay the filing fee in installments. Debtor's budget does not contain itemizations for cable or cell phone and contains only $10.00 as a recreational expense. Each of Debtor's expenses is reasonable, if not low, and yet Debtor still indicates a shortfall of $140.99 each month. Therefore, Debtor has demonstrated an inability to pay the filing fee in installments and has met the second prong of the analysis.

Having found that Debtor earns less than 150% of poverty and does not have the ability to pay the filing fee in installments, the court hereby **GRANTS** Debtor's application to waive the filing fee.

An order in accordance with this decision shall be issued immediately.

/s/ Russ Kendig     OCT 1 6 2006

**Judge Russ Kendig**
**U.S. Bankruptcy Judge**

2

## Service List

Tracy Ann Selby
2612 Sundale Street, N.W.
Massillon, OH 44646

Anthony DeGirolamo
Courtyard Centre, Suite 625
116 Cleveland Ave., N.W.
Canton, OH 44702

Wayne W. Sarna
Community Legal Aid Services, Inc.
11 Federal Plaza Central
Metropolitan Tower, 7th Floor
Youngstown, OH 44503